

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

In re GLENN and BLANCHE TENGAN,

Debtors.

Case No. 13-00225
Chapter 13

Re: Docket No. 39

## MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION TO CONFIRM MODIFIED PLAN

Mr. and Mrs. Tengan commenced this case on February 13, 2013. They own a home which they valued at $696,500[1] but is subject to a first mortgage debt of $795,129.58 and a second mortgage in favor of HawaiiUSA Federal Credit Union securing an equity line of credit in the amount of $151,990.

At the time of filing, their monthly gross income was $6,119.80, consisting of earned income of $3,937.80, social security income of $1,296 and family support of $886 per month.[2] For purposes of the means test calculation, this placed them below

---

[1] Dkt. 1 at 10.

[2] Dkt. 1 at 22.

the applicable median income.

The Tengans' confirmed plan[3] provided for monthly payments of $1,783 for the first six months and $1,877 for the next 54 months. Most of the plan payments would be used to cure a sizable arrearage on the first mortgage. In addition, the debtors were to pay directly to the first mortgagee the contractual installments falling due after the petition date. The value of the residence was fixed at $695,500. Because HawaiiUSA's second mortgage was worthless, it was "stripped off,"[4] leaving HawaiiUSA with an unsecured claim. Unsecured creditors would receive only about one percent of their allowed claims.

After the plan was confirmed, the Tengans' situation changed in important respects.

• The Tengans entered into a loan modification agreement with the first mortgagee.[5] All arrearages were added to principal, yielding a new principal balance of $795,129.58. The interest rate was reduced to two percent for the first five years, three percent for the sixth year, four percent for the seventh year, and 4.25 percent for the remaining loan term. A new forty year loan repayment period became effective. These changes significantly reduced the

---

[3] Dkt. 22.

[4] *In re Smith*, 435 B.R. 637, 643-44 (B.A.P. 9th Cir. 2010).

[5] Dkt. 36, 37.

U.S. Bankruptcy Court - Hawaii   #13-00225   Dkt # 54   Filed  10/15/14   Page 2 of 5

debtors' monthly payment on the first mortgage.

• The Tengans' residence appreciated. The latest tax assessed value is $773,660.[6]

• The Tengans' income changed. Their total income is now $6,038.76, of which $4,658.76 is earned income and $1,380 is social security. The family support has ended.

The Tengans wish to modify their confirmed plan.[7] As modified, the plan would provide for monthly payments of $1,783 for six months, $1,887.00 for eleven months, and $500 for nineteen months. This would shorten the plan term from sixty to thirty six months and reduce the total plan payments by $71,641. The debtors say that they propose this modification "because the Debtors have obtained a loan modification capitalizing the mortgage arrearage, and therefore their mortgage arrears no longer need to be paid through their plan."[8]

HawaiiUSA objects to the plan modification for three reasons.

First, HawaiiUSA argues that its lien should not be stripped based on the increase in the property's value. This argument rests on the factual premise that the first mortgage balance is $703,420. This is not correct; the first mortgage balance is over $795,000, which remains larger than the property's value. Therefore, even if it

_____

[6] Dkt. 37 at 3.

[7] Dkt. 39.

[8] Dkt. 39 at 3.

3

U.S. Bankruptcy Court - Hawaii   #13-00225   Dkt # 54   Filed  10/15/14   Page 3 of 5

were appropriate to revisit the stripping of HawaiiUSA's lien (a question on which I express no opinion), the result would be the same.

Second, HawaiiUSA argues that the modified plan increases the first mortgagee's claim. This is also incorrect. The amount of the first mortgage loan is not changing; the arrears are being included in the principal balance, but that does not change the total amount of the debt. The interest rate and repayment period are changing, but that has no adverse effect on any other creditor.[9]

Third, HawaiiUSA argues that the debtors' plan must have a five year duration. HawaiiUSA relies on section 1325(b), which provides, in part and in summary, that, if a debtor's "current monthly income" exceeds the applicable median income, the debtor must propose a five year plan.[10] HawaiiUSA claims that the Tengans' income now exceeds the applicable median.

I disagree for several reasons.

First, for purposes of computing a debtor's "current monthly income," social security benefits are excluded.[11] If one does not count the Tengans' social security benefits, their income is below median.

---

[9] At the hearing, HawaiiUSA disclaimed any contention that the loan modification impaired the priority of the first mortgage.

[10] 11 U.S.C. §§ 1325(b)(1)(B), (b)(4)(A)(ii).

[11] 11 U.S.C. §101(10A)(B).

4

Next, "current monthly income" considers only "income derived during the 6 month period" prior to the bankruptcy filing.[12] It follows that postpetition changes in income do not change the debtor's "current monthly income" as defined.

Finally, section 1325(b), on which HawaiiUSA relies applies to original plans, but not to modified plans.[13]

All plan modifications are, however, subject to the "good faith" requirement.[14] The Tengans have carried their burden. Shortening the plan term will not deprive unsecured creditors of anything to which they were entitled. Because the Tengans' current monthly income was less than the applicable median,[15] they could have proposed a three year plan, and unsecured creditors like HawaiiUSA could not have complained on that score. Nor will the shortening of the plan term reduce the amount of money the unsecured creditors would have received; all of the extra plan payments would have gone to the first mortgagee.

Therefore, I will approve the plan modification. The trustee is directed to submit an appropriate order.

**END OF DECISION**

---

[12] 11 U.S.C. § 101(10A)(A).

[13] 11 U.S.C. § 1329(b)(1).

[14] 11 U.S.C. §§ 1329(b)(1), 1325(a)(3); *In re Roe*, 511 B.R. 137, 140 (Bankr. D. Haw. 2014).

[15] Dkt. 1 at 42.

U.S. Bankruptcy Court - Hawaii   #13-00225   Dkt # 54   Filed  10/15/14   Page 5 of 5